```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF VIRGINIA
```

| | |
|---|---|
| BOXLEY MATERIALS CO. dba BUCKINGHAM SLATE,<br><br>    Plaintiff,<br><br> -against-<br><br>DOBCO, INC., RAMAPO COLLEGE OF NEW JERSEY, LIBERTY MUTUAL INS. CO. and ARCH INSURANCE CO.,<br><br>    Defendants. | Civ. No.: 6:22-cv-00051-NKM<br><br>**CIVIL ACTION**<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

Defendants, Dobco Inc. ("Dobco"), by and through its attorneys, Petty, Livingston, Dawson & Richards, and Trif & Modugno, LLC, by way of Answer with Affirmative/Separate Defenses to the Complaint ("Complaint") of Plaintiff, Boxley Materials Co. dba Buckingham Slate ("Boxley"), and Counterclaim against Boxley, states as follows:

**ANSWER TO COMPLAINT**

1. Dobco is without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph 1 of the Complaint.

2. Dobco admits the allegations contained in paragraph 2 of the Complaint.

3. Dobco is without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph 3 of the Complaint.

4. Dobco admits the allegations contained in paragraph 4 of the Complaint.

5. Dobco admits the allegations contained in paragraph 5 of the Complaint.

6. The allegation contained in paragraph 6 of the Complaint either call for a legal conclusion, to which no response is required, or is denied.

## AS TO COUNT I

7. Dobco is without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph 7 of the Complaint.

8. Dobco admits only that on or about July 18, 2019, Dobco entered into a contract ("Contract") with Ramapo College to construct certain improvements at an area of the College known as the Learning Commons ("Project"). The Contract is a written document the terms of which speak for themselves. Accordingly, Dobco refers to the Contract for its true terms, conditions and legal effect. The remaining allegations contained in paragraph 8 of the Complaint are denied.

9. Dobco admits only that on or about March 14, 2020, Dobco signed a Commercial Credit Application received from Boxley. Dobco denies that the Commercial Credit Application governs the relationship between the parties. Dobco denies entering into a second Commerical Credit Application. The Commercial Credit

Applications are written documents the terms of which speak for themselves. Accordingly, Dobco refers to the Commercial Credit Applications for their true terms, conditions and legal effect.

10. Dobco admits only that it entered into a written agreement with Boxley ("Subcontract"). Dobco denies that the Subcontract is annexed as an exhibit to the Complaint. The Subcontract is a written document the terms of which speak for themselves. Accordingly, Dobco refers to the Subcontract for its true terms, conditions and legal effect. The remaining allegations in paragraph 10 of the Complaint are denied.

11. Dobco admits only that it and Boxley entered into the Subcontract. Dobco denies that the Subcontract is annexed as an exhibit to the Complaint. The Subcontract and Contract are written documents the terms of which speak for themselves. Accordingly, Dobco refers to the Subcontract and Contract for their true terms, conditions and legal effect. The remaining allegations in paragraph 10 of the Complaint either call for a legal conclusion, to which no response is required, or are denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied

17. Denied.

18. The allegations in paragraph 18 of the Complaint either call for a legal conclusion, to which no response is required, or are denied.

19. The allegations in paragraph 18 of the Complaint either call for a legal conclusion, to which no response is required, or are denied.

20. Denied.

21. Denied.

22. Denied.

## AS TO COUNT II

23. Dobco repeats each and every response set forth in the preceding paragraphs of their Answer to the Complaint as if fully set forth at length herein.

24. Dobco admits only that on or about July 8, 2019, Liberty and Arch, as sureties, issued a performance bond and payment bond (collectively, the "Bonds"), each bearing Liberty Bond No. 019066321 and Arch Bond No. SU1155780, on behalf of Dobco, as principal, and in favor of Ramapo College of New Jersey, as obligee, in connection with the Contract. The Bonds are written documents the terms of which speak for themselves. Accordingly, Dobco refers to the Bonds for their true terms, conditions and legal effect.

25. Denied.

## AS TO COUNT III

26. Dobco repeats each and every response set forth in the preceding paragraphs of their Answer to the Complaint as if fully set forth at length herein.

27. The Subcontract is a written document the terms of which speak for themselves. Accordingly, Dobco refers to the Subcontract for its true terms, conditions and legal effect. The remaining allegations contained in paragraph 27 of the Complaint either call for a legal conclusion, to which no response is required, or are denied.

28. The Subcontract and Contract are written documents the terms of which speak for themselves. Accordingly, Dobco refers to the Subcontract and Contract for their true terms, conditions and legal effect. The remaining allegations contained in paragraph 28 of the Complaint either call for a legal conclusion, to which no response is required, or are denied.

29. Paragraph 29 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Dobco denies the allegation set forth in paragraph 29 of the Complaint.

30. The Subcontract and Contract are written documents the terms of which speak for themselves. Accordingly, Dobco refers to the Subcontract and Contract for their true terms, conditions and legal effect. The remaining allegations contained in paragraph 28

of the Complaint either call for a legal conclusion, to which no response is required, or are denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## AFFIRMATIVE/SEPARATE DEFENSES

### FIRST AFFIRMATIVE/SEPARATE DEFENSE

The Complaint, in whole or in part, fails to state a claim against Dobco upon which relief can be granted.

### SECOND AFFIRMATIVE/SEPARATE DEFENSE

The Complaint, in whole or in part, is barred and/or limited by Boxley's failure to comply with statutory, contractual and/or other conditions precedent to bringing the claims asserted therein.

### THIRD AFFIRMATIVE/SEPARATE DEFENSE

The Complaint, in whole or in part, is barred and/or limited by Boxley's failure to provide proper and/or timely notice of the claims asserted therein.

### FOURTH AFFIRMATIVE/SEPARATE DEFENSE

The Complaint, in whole or in part, is barred and/or limited because Boxley is estopped by its conduct from bringing the claims asserted therein.

### FIFTH AFFIRMATIVE/SEPARATE DEFENSE

The Complaint, in whole or in part, is barred and/or limited by reason of waiver.

### SIXTH AFFIRMATIVE/SEPARATE DEFENSE

The Complaint, in whole or in part, must be dismissed because the damages alleged by Boxley, in whole or in part, are not recoverable against Dobco.

### SEVENTH AFFIRMATIVE/SEPARATE DEFENSE

The Complaint, in whole or in part, are subject to set off and/or recoupment and is therefore barred in whole or in part.

### EIGHTH AFFIRMATIVE/SEPARATE DEFENSE

The Complaint, in whole or in part, is barred pursuant to the existence and/or the provisions of the Subcontract.

### NINTH AFFIRMATIVE/SEPARATE DEFENSE

The Complaint, in whole or in part, is barred to the extent that any alleged claim or loss arises from Boxley's actions, omissions or other conduct.

### TENTH AFFIRMATIVE/SEPARATE DEFENSE

The Complaint, in whole or in part, is barred by reason of Boxley's material breach of the Subcontract and/or failure to perform in accordance therewith.

### ELEVENTH AFFIRMATIVE/SEPARATE DEFENSE

The Complaint, in whole or in part, is barred by the doctrine of laches and/or unclean hands.

TWELFTH AFFIRMATIVE/SEPARATE DEFENSE

Boxley's claims are barred, in whole or in part, to the extent that the alleged claims or loss arise from Boxley's actions, omissions or other conduct that is or was in violation of federal, state and/or local law, statutes, regulations, public policy and/or contract.

THIRTEENTH AFFIRMATIVE/SEPARATE DEFENSE

Boxley's claims are barred, in whole or in part, because of its failure to mitigate, minimize or avoid the damages it allegedly sustained.

FOURTEENTH AFFIRMATIVE/SEPARATE DEFENSE

The Complaint, in whole or in part, is barred to the extent that any alleged claim or loss arises from the actions, omissions or other conduct of persons over whom Dobco does not control or have a right to control.

FIFTEENTH AFFIRMATIVE/SEPARATE DEFENSE

The Complaint, in whole or in part, is barred for the reasons set forth in the Counterclaim.

SIXTEENTH AFFIRMATIVE/SEPARATE DEFENSE

The Complaint, in whole or in part, has been commenced, used, or continued in bad faith, solely for the purpose of harassment, delay, or malicious injury. Accordingly, Dobco reserves its rights to seek reimbursement for all reasonable litigation costs and counsel fees expended in defense of these claims.

SEVENTHEEN AFFIRMATIVE/SEPARATE DEFENSE

The Complaint, in whole or in part, is barred by reason of the parties' course of performance.

EIGHTEENTH AFFIRMATIVE/SEPARATE DEFENSE

Dobco maintains that this matter should be transferred to the United States District Court for the District of New Jersey.

**WHEREFORE,** Dobco denies that Boxley is entitled to the relief sought in the Complaint, and demands judgment dismissing the Complaint, with prejudice, in addition to an award of attorneys' fees, litigation expenses, costs of suit and other such relief in favor of Dobco and against J&A as the Court may deem just and proper.

**COUNTERCLAIM**

THE PARTIES

1.  Dobco was and continues to be a corporation organized and existing under and by virtue of the laws of the State of New Jersey and maintains a principal place of business at 1 Geoffrey Way, Wayne, New Jersey 07470.

2.  Upon information and belief, Boxley was and continues to be a corporation organized and existing under and by virtue of laws of the Commonwealth of Virginia and maintains a principal place of business in Roanoke, Virginia.

FACTS COMMON TO ALL CAUSES OF ACTION

3.  Dobco and Ramapo College of New Jersey ("Owner") entered

into the Contract pursuant to which Dobco agreed to perform certain work in connection with the Project.

4. Dobco and Boxley entered into the Subcontract pursuant to which Boxley agreed to perform certain work and provide certain materials ("Materials") in strict conformance with the terms set forth therein.

5. Following Boxley's deliveries of the Materials, Dobco inspected the Materials and determined that certain of the Materials were defective and/or non-compliant with the terms of the Subcontract.

6. Boxley supplied and delivered Materials that were defective and/or non-compliant with the Subcontract.

7. Boxley failed and/or refused to remedy the defective and/or non-compliant Materials.

8. Boxley failed to timely fabricate and deliver all of the Materials in accordance with the Subcontract and/or as otherwise required.

9. Boxley failed to fabricate and deliver the Materials in accordance with the sequence set forth in the Subcontract and/or as otherwise required.

10. Boxley's untimely and out-of-sequence fabrication and delivery of the Materials, as well as delivery of defective and/or non-compliant Materials, constitutes a material breach of the Subcontract.

6. As a result of Boxley's failure to fabricate and deliver all Materials timely and pursuant to the specific sequence and Boxley's delivery of defective and/or non-conforming Materials, Dobco sustained damages including, without limitation, delays, extended equipment costs, additional reassembling of scaffolding, the installation and continuous maintenance of temporary weather protection over window openings, and come-back costs to perform certain work out-of-sequence ("Impact Damages").

7. Boxley has failed and/or refused to reimburse and/or indemnify Dobco for its Impact Damages.

8. Because of Boxley's failure to comply with its obligations under the Subcontract, Dobco incurred significant damages in the amount to be determined at the time of trial.

9. At all relevant times, Dobco fully and faithfully performed its obligations under the Subcontract.

10. Dobco has satisfied all conditions precedent to bringing this action.

FIRST COUNT

(Breach of Contract)

11. Dobco repeats and re-avers each and every one of the allegations set forth in the preceding paragraphs of its Counterclaim with the same force and effect as if each were fully set forth at length herein.

12. The Subcontract required Boxley to supply materials in

accordance with the Subcontract.

13. Boxley materially breached the Subcontract by fabricating and delivering defective and/or non-conforming Materials, failing to fabricate and deliver the Materials timely and in accordance with the specified sequence, and failing and refusing to indemnify and reimburse Dobco in connection with all losses, costs, and damages incurred as a result thereof.

14. Boxley's failure and refusal to deliver non-defective and compliant Materials and failure to deliver Materials timely and in accordance with the specified sequence constitutes a material breach of the Subcontract.

15. As a direct and proximate result of Boxley's material breaches, Dobco has sustained, and will continue to sustain damages in an amount to be proven at trial.

## DEMAND FOR RELIEF

**WHEREFORE**, on the First Count of the Counterclaim, Dobco demands judgment against Boxley in the amount to be proven at trial, in addition to consequential damages, incidental damages and all other damages provided for by law, together with pre-judgment interest, costs of suit, attorneys' fees and such other relief in favor of Dobco and against Boxley as this Court deems just and proper.

**RESERVATION OF RIGHTS**

Dobco expressly reserves all of its rights, whether at law or equity, to amend its pleading to assert any additional affirmative/separate defense or to assert any affirmative claims against any party or non-party during or upon the completion of investigation and discovery.

*Attorneys for Defendants,
Dobco, Inc., Liberty Mutual
Insurance Company and Arch
Insurance Company*

  /s/ Andrew P. Pearson
         By Counsel

**CERTIFICATE**

I hereby certify that on this 7th day of November, 2022, I electronically filed the foregoing answer, affirmative defenses and counterclaims with the Clerk of the Court using the CM/ECF system, which will serve counsel for the parties via e-mail.

/s/ Andrew P. Pearson

Andrew P. Pearson (VSB # 74171)
PETTY, LIVINGSTON, DAWSON & RICHARDS
P. O. Box 1080
Lynchburg, Virginia 24505
Phone: 434-846-2768
Fax: 434-847-0141
apearson@pldrlaw.com
*Counsel for defendants*