CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/28/2022
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
        DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| BOXLEY MATERIALS COMPANY,<br><br>                            *Plaintiff*,<br>v.<br><br>DOBCO, INC., *et al.*,<br><br>                            *Defendants*. | CASE NO. 6:22-cv-51<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Defendants move for reconsideration of the Court's Order denying their Motion to Transfer the case to the District of New Jersey. The Court will deny their Motion because Defendants repeat many of the same arguments raised in their Motion to Transfer and seek to introduce new arguments that should have been presented in their Motion to Transfer.

### Background

In July 2022, Boxley Materials Company filed this case in Bedford County Circuit Court. Dkt. 1-1 ("Compl."). Boxley, a Virginia corporation, engages in mining and manufacturing of stone and stone products. *Id.* ¶ 1. Defendant Dobco, Inc., a New Jersey corporation, was the general contractor for a construction project at Ramapo College of New Jersey ("College"). *Id.* ¶¶ 2, 8. Defendant Liberty Mutual Insurance Company, a Massachusetts insurance corporation, and Defendant Arch Insurance Company, a Missouri insurance corporation, are authorized to conduct business in Virginia and New Jersey. *Id.* ¶¶ 4–5.

Dobco sought to purchase custom slate tiles from Boxley to use for a construction project at the College. *Id.* ¶ 8. On March 14, 2020, Dobco signed the Commercial Credit Application

provided by Boxley. *Id.* ¶ 9. In June 2020, after negotiations between Boxley and Dobco over the terms of the Purchase Order, Dobco sent Boxley a revised Purchase Order for slate tiles costing $1,035,800.00. *Id.* ¶¶ 9–10. This Purchase Order was redated June 15, 2020 and then signed by Boxley. *Id.* ¶ 10; Dkt. 4, Ex. A.

On June 19, 2020, Dobco signed a second Commercial Credit Application, containing identical terms and conditions as the first Commercial Credit Application. Compl. ¶ 9. The Application contains a venue and jurisdiction provision, stating:

> Applicant [Dobco] hereby submits to the jurisdiction and venue in a Court of competent jurisdiction in the County of Roanoke, Virginia, or the County of Bedford, Virginia for any legal action, and agrees (subject to the provisions of the next paragraph) that these Courts shall be the exclusive Courts in which actions may be brought by Boxley or Applicant [Dobco] without regard to extensions of credit and or goods sold or supplied to Applicant [Dobco]. The laws of the Commonwealth of Virginia shall apply to actions brought in Virginia Courts.

*Id.*, Ex. B at 18. Dobco also agreed that Boxley "would make freight forwarding arrangements on behalf of Dobco [] to deliver slate panels to" the College. *Id.* ¶ 11.

Boxley brought several claims against Defendants, alleging that it "fully performed its obligations under the terms and conditions of the Credit Agreement and Purchase Order and has delivered the goods." *Id.* ¶¶ 12, 13–34. Defendants removed the case to this Court based on diversity jurisdiction. Dkt. 1. They then filed their Motion to Transfer the case to the District of New Jersey. Dkt. 4. On October 13, 2022, Defendants filed a notice that their Motion was ripe for decision. Dkt. 13. On October 14, 2022, Boxley filed an untimely response,[1] arguing the Court should remand the case to Bedford County Circuit Court because of the Commercial Credit Application's venue and jurisdiction provision, or alternatively, deny the Motion to

---

[1] W.D. Va. Local Rule 11(c) states that "the opposing party must file a responsive brief and such supporting documents as are appropriate within 14 days after service" unless directed otherwise by the Court. Boxley filed its response, Dkt. 14, over a month after Defendants' Motion to Transfer, Dkt. 4.

Transfer. Dkt. 14.

On October 19, 2022, before Defendants submitted a rebuttal brief, the Court denied their Motion to Transfer because Defendants failed to meet their burden of showing that transfer was warranted. In its transfer analysis, the Court found that Boxley's choice of venue provided substantial weight against transfer and that Defendants "failed to proffer any factually disputed issue that would require the travel of more Defendants' witnesses to Virginia, if the case was not transferred, than the travel of Plaintiff's witnesses to New Jersey, if it is transferred." Dkt. 16; *see* 8 U.S.C. § 1404(a). The Court also denied Boxley's request to remand because it was untimely.[2] Dkt. 16. In that Order, the Court stated that a "more complete opinion will be filed later," but prior to issuing an opinion, Defendants filed their Motion for Reconsideration. *Id.* This Opinion will suffice for providing a more complete opinion.

## Legal Standard

Under Rule 54(b), an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The decision to revise an interlocutory order, and thus grant a petitioner's motion for reconsideration, is "committed to the discretion of the district court." *Am. Canoe Ass'n v. Murphy*

---

[2] A motion to remand based on "any defect other than lack of subject matter jurisdiction must be made within **30 days** after the filing of the notice of removal." 28 U.S.C. § 1447(c) (emphasis added). The venue and jurisdiction provision is a forum-selection clause that "has nothing to do with subject-matter jurisdiction." *Bartels* ex rel. *Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 680 (4th Cir. 2018). As such, Boxley was statutorily required to file a motion to remand based on the Commercial Credit Application's forum-selection clause within thirty days of September 2, 2022, the notice of removal's filing date. 28 U.S.C. § 1447(c). Boxley requested that the Court remand the case to Bedford County Circuit Court more than 30 days after the filing of the notice of removal. Dkt. 14. Thus, the Court was not statutorily authorized to remand the case. *See* 28 U.S.C. § 1447(c); *see also Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) (noting a "court may remand for defects other than lack of subject matter jurisdiction only upon a timely motion to remand").

*Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003).

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Id.* at 514. However, courts often consider the same factors and generally do not grant such motions unless (1) there has been an intervening change of controlling law; (2) new evidence has become available; or (3) there is a need to correct a clear error or prevent manifest injustice. *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010); *see King v. Cap. One Bank (USA), N.A.*, No. 3:11-CV-00068, 2012 WL 6052053, at *1 (W.D. Va. Dec. 5, 2012). It may also be sought "when a court patently misunderstood a party, or has made a decision outside the adversarial issues presented . . . , or has made an error not of reasoning but of apprehension." *Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*, No. 2:18CV585, 2022 WL 337293, at *1 (E.D. Va. Jan. 25, 2022) (internal quotation marks omitted).

Such motions are disfavored and should be granted "sparingly." *Downie v. Revco Disc. Drug Ctrs., Inc.*, No. 3:05–CV–00021, 2006 WL 1171960, at *1 (W.D. Va. May 1, 2006). "[R]econsideration is not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant." *Gilmore v. Jones*, No. 3:18-CV-00017, 2019 WL 4417490, at *2 (W.D. Va. Sept. 16, 2019) (internal quotation marks omitted). Improper use of reconsideration motions "can waste judicial resources and obstruct the efficient administration of justice." *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003). Furthermore, "a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider." *Id.* (quoting *Fid. State Bank, Garden City, Kan. v. Oles*, 130 B.R. 578, 581 (D. Kan. 1991)).

**Discussion**

Defendants move for the Court to reconsider its Order denying their Motion to Transfer, Dkt. 16, because they claim they were adversely affected by not being afforded the opportunity to submit a rebuttal brief as permitted under W.D. Va. Local Rule(c)(1).[3] Dkt. 18 at 7. Defendants were in the process of finalizing their rebuttal brief to Boxley's responsive brief submitted on October 14, 2022 when the Court issued its Order on October 19, 2022. *Id.* at 8. Under W.D. Va. Local Rule 11(c)(3), this Court was permitted to act on the procedural motion without awaiting Defendants' response; however, "any party adversely affected by such action may request reconsideration, vacation, or modification of such action."[4]

Defendants first seek reconsideration because they were deprived of an opportunity to rebut Boxley's argument that the Commercial Credit Application is controlling. Dkt. 18 at 9; Dkt. 23 at 3. However, Defendants repeat the same arguments raised in their Motion to Transfer. *See e.g.*, Dkt. 4 at 11 (Defendants' Motion to Transfer) (providing that Commercial Credit Application's forum-clause provision is "inapplicable, nullified and unenforceable"). Because

---

[3] W.D. Va. Local Rule 11(c)(1) provides:

> All motions, unless otherwise directed by the Court and except as noted hereinbelow, must be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies. Unless otherwise directed by the Court, the opposing party must file a responsive brief and such supporting documents as are appropriate within 14 days after service, and the moving party may file a rebuttal brief within 7 days after the service of the opposing party's reply brief. No further briefs (including letter briefs) are to be submitted without first obtaining leave of court.

[4] W.D. Va. Local Rule 11(c)(3) provides:

> Procedural motions, including motions for enlargement of time, whether or not opposed, may be acted upon at any time by the Court, without awaiting a response, and any party adversely affected by such action may request reconsideration, vacation, or modification of such action.

the Court already considered these arguments when deciding not to transfer the case, Defendants were not adversely affected by being unable to respond to Boxley's argument that the Commercial Credit Application is controlling. *See Gilmore*, 2019 WL 4417490 at *2 (providing reconsideration should not be used "to re-litigate issues already decided").

Next, Defendants seek reconsideration because they were deprived of an opportunity to respond to Boxley's description of the case and to explain the importance of non-party witnesses located in New Jersey. Dkt. 18 at 12–15; Dkt. 23 at 1. Specifically, Defendants claim that if they had been able to submit a rebuttal brief, they would have detailed how New Jersey-located witnesses' testimony would support their affirmative defenses and proof of damages. Dkt. 18 at 15. In their Motion for Reconsideration, Defendants provide a list of 22 potential entities and individuals located in New Jersey that conceivably could be called as witnesses but would be located outside the Court's subpoena power. *Id.* at 13–15. However, Defendants do not claim that this list of potential witnesses was unavailable, or not known to them, when they filed their Motion to Transfer.

These new arguments should have been presented in Defendants' Motion to Transfer. To show that witness inconvenience favors transferring the case, Defendants reasonably should have known they had "'the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience.'" *Heinz Kettler GmbH v. Razor USA, LLC*, 750 F. Supp. 2d 660, 668 (E.D. Va. 2010) (quoting *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003)). Despite this, Defendants' Motion to Transfer failed to proffer sufficient details or affidavits to support their witness inconvenience argument. *See* Dkt. 4 at 13; *see also Duke Energy Corp.*, 218 F.R.D. at 474 (noting "a party who fails to present his strongest case in the

first instance generally has no right to raise new theories or arguments in a motion to reconsider"). In addition, Defendants' non-party witnesses being located outside of the Court's subpoena power does not create an injustice because Defendants may depose these witnesses. *See* Fed. R. Civ. P. 30.

After careful review of Defendants' arguments, the Court finds that Defendants have not met the high burden required to prevail on a motion for reconsideration. In their Motion, Defendants repeat many of the same arguments previously raised in their Motion to Transfer and seek to introduce new arguments that should have presented in their prior Motion. Defendants do not show (1) there has been an intervening change of controlling law; (2) new evidence has become available; or (3) there is a need to correct a clear error or prevent manifest injustice. *Robinson*, 599 F.3d at 411.

## Conclusion

For these reasons, the Court will deny Defendants' Motion for Reconsideration, Dkt. 18.

The Clerk of Court is directed to deliver a copy of this Memorandum Opinion to all counsel of record.

Entered this 28th day of December, 2022.

                                                            */s/ Norman K. Moon*
                                                       NORMAN K. MOON
                                                       SENIOR UNITED STATES DISTRICT JUDGE